(61 App. Div. 337.)

## In re CLARK.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

1. REFERENCE—REPORT—CONFIRMATION.
     Under Code Civ. Proc. § 2546, providing that unless a referee's report is passed on and confirmed, approved, modified, or rejected by a surrogate within 90 days after it has been submitted to him, it shall be deemed to have been confirmed as of course, and a decree to that effect may be entered by any party interested in the proceedings on two days' notice, five months having elapsed after the submission of the report of a referee to the surrogate before his decree rejecting it was made, a denial by such surrogate of the appellant's application for a decree confirming the report was error.

2. SAME—WAIVER.
     The fact that appellant did not move immediately after the expiration of the 90 days for a confirmation of the report did not constitute a

waiver of his right, since no election· is required by the party in whose favor report is made.

**8. SAME.**

Where a trustee under a will instituted proceedings in the surrogate's court for a final settlement of his accounts prior to a proceeding to remove him, and such proceedings for an accounting were pending at the time of the surrogate's decree, when he filed a supplemental account, such filing is not a waiver of his rights.

Appeal from surrogate's court, Rensselaer county.

Action by Mary H. Clark against William W. Dorlon. From a decree of the surrogate denying a motion to confirm a report of the referee as of course, William W. Dorlon appeals. Reversed.

On September 19, 1899, on the petition of Mary H. Clark for the removal of William W. Dorlon as trustee under the will of Philip S. Dorlon, deceased, an order of reference was made by the surrogate of Rensselaer county to take proof relative to the matters in issue, and to report the same, with the referee's conclusions thereon. On April 16, 1900, the referee made his report, finding that the petitioner's charges against the trustee were not sustained by the proofs, which report was filed in the office of the surrogate on April 18, 1900; and on April 20, 1900, the petitioner served and filed exceptions to the report of the referee. On April 30, 1900, the attorney for the trustee served notice of a motion to be made in the surrogate's court on May 8, 1900, for an order approving, ratifying, and confirming the report of the referee. On May 8, 1900, the matter was brought on before the surrogate, and was, by consent of parties, adjourned to May 15, and thereafter was from time to time adjourned to June 14, 1900, on which day the matter of the confirmation of the report was argued before the surrogate, who directed briefs to be submitted to him on or before June 18th. On November 21, 1900, the surrogate made and filed his decision, and on the following day a decree thereon was granted by the surrogate, and entered in his office, adjudging that the confirmation of the report be denied, and that the trustee be removed from his trust. On December 24, 1900, an application, on notice, was made by the attorney for the trustee to the surrogate for a decree that the report of the referee be confirmed as of course, by reason of its ·not ·having been passed upon, confirmed, approved, modified, or rejected by the surrogate within 90 days after its submission to him; and on January 4, 1901, an order was made by the surrogate denying the motion, from which order entered January 7, 1901, this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

John P. Curley (Lewis E. Griffith, of counsel), for appellant.
Lansing & Holmes, for respondent.

EDWARDS, J. The denial by the surrogate of the appellant's application for a decree confirming·the report of the referee was error. More than five months had elapsed after the submission of the report to the surrogate before his decree rejecting it was made. Section 2546 of the Code of Civil Procedure, under which the reference was made, provides that:

"Unless a referee's report is passed upon and confirmed, approved, modified or rejected by a surrogate within ninety days after it has been submitted to him, it shall be deemed to have been confirmed as of course, and a decree to that effect may be entered by any party interested in the proceeding upon two days'·notice."

The language of the statute is clear and explicit, and leaves no room for interpretation. The legal effect of the omission of the

surrogate for 90 days to pass upon the report is that it thereby becomes confirmed, and a party has thereafter a legal right to a decree of confirmation. That this was the intention of the legislature is apparent, not only from the language of the section, but by comparing it with the previous provisions of this section. Prior to 1895, section 2546 of the Code of Civil Procedure contained no direction in respect to the time within which the referee's report should be passed upon by the surrogate. In that year the section was amended by adding the words, "A referee's report must be passed upon and confirmed, approved, modified or rejected by a surrogate within sixty days after it has been submitted to him." Chapter 796, Laws 1895. The section thus remained until 1899, when it was amended as first above quoted. The legislative intent in the amendment of 1899 is obvious. Prior to that time no consequence was attached by the section to the failure of the surrogate to comply with the direction to pass upon the report within 60 days, and no procedure was provided in the event of noncompliance. The statute as it then existed was directory merely. The amendment enlarged the time of the surrogate to pass upon the report from 60 days to 90 days, and for the first time provided, as a consequence of his omission, that "it shall be deemed to have been confirmed as of course." By this amendment the statute, which was before directory, was clearly made mandatory.

The omission of the appellant to move immediately after the expiration of the 90 days for a confirmation of the report did not constitute a waiver of his right. By operation of the statute the report becomes confirmed after the lapse of 90 days, and no election is required by the party in whose favor the report is made. He may at any time thereafter move for a decree of confirmation.

Nor can the filing by the trustee of the supplemental account after the decree of the surrogate removing him from his trust be construed to be a waiver. He had instituted proceedings in the surrogate's court for a final judicial settlement of his accounts prior to the proceeding to remove him, and such proceedings for an accounting were pending at the time of the surrogate's decree, when he asked leave to file a supplemental account, and therein stated the fact that a decree had been made by the surrogate for his removal. The filing of this account supplemental to the one filed 18 months before in the pending proceeding for an accounting was quite proper, and cannot be deemed to be such an acquiescence in and submission to the surrogate's decree as would bar an appeal therefrom, which was in fact duly taken by him, nor preclude him from applying for a decree of confirmation of the referee's report. The inability of the surrogate, by reason of serious illness, to perform his duties during a part of the five months after the submission to him of the report of the referee, did not suspend the operation of the statute. If the want of a provision in the statute for such an exigency be a defect, the answer is, as was said by the court in Bank v. Colgate, 120 N. Y. 394, 24 N. E. 802, 8 L. R. A. 717, "The court cannot correct errors or cure supposed defects in legislation." The order appealed from should be reversed, with costs.

From what has been said it follows that the decree of the surrogate, adjudging that the confirmation of the report of the referee be denied, and that the trustee be removed from his trust, is erroneous, and should be vacated and set aside by the surrogate. All concur.

(61 App. Div. 152.)

In re KING et al.

(Supreme Court, Appellate Division, First Department.    May 10, 1901.)

ATTORNEY'S LIEN—WAIVER.
    The attorneys for a trustee settled a suit involving the trustee's right to recover certain securities, and procured an order requiring their delivery to the trustee. Thereafter, and before the delivery of the securities to the trustee, the attorneys wrote him that they had no desire to have an attorney's lien on the securities. Held to show a waiver of their lien, which would prevent the future enforcement thereof.
    Patterson, J., dissenting.

Appeal from special term, New York county.

Application of David Bennett King and another to enforce an attorney's fee lien for services rendered Theodore C. English as trustee. From an order appointing a referee to determine and report the compensation to be allowed such attorneys (69 N. Y. Supp. 399), the trustee appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Henry W. Arrowsmith, for appellant.
Henry W. Jessup, for respondents.